# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |  |
|---|---|---|
| UBISOFT ENTERTAINMENT, S.A., | ) | CASE NO.: 3:14-cv-05202-JST |
| Plaintiff, | ) | |
| v. | ) | [PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |
| GUITAR APPRENTICE, INC., | ) | |
| Defendant. | ) | |
|  | ) | JUDGE: Honorable Jon S. Tigar |

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items may include information that include, upon a good faith determination, documents or information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive source code or software programming information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so

that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, even if the Designating Party did not so indicate at the deposition, hearing, or other proceeding, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that specific portions of or the entire transcript shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In

addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been

followed;

(c) the court and its personnel;

(d) court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. To the extent any producing party produces computer Source Code for inspection, such Source Code, and any documents containing representations, excerpts, or descriptions of it, may be produced under the designation HIGHLY CONFIDENTIAL – SOURCE CODE. The parties agree that any copies, documents or notes pertaining to such Source Code also shall automatically be designated HIGHLY CONFIDENTIAL – SOURCE CODE. Access to such HIGHLY CONFIDENTIAL – SOURCE CODE information by the receiving party shall be limited to the manner provided below:

a. Source Code information designated hereunder and made available for inspection shall be maintained in the custody and control of the producing party's outside counsel of record. Upon reasonable notice after a request pursuant to and after the time allowed in Federal Rule of Civil Procedure 34, the producing party shall make its Source Code available at the office of the producing party's outside counsel of record. (Reasonable notice shall not constitute less than seven (7) days.) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. Upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

b. Only those persons identified in Paragraph 7.3(a)-(e) may have access to inspect the Source Code (the "Authorized Individuals").

c. Source Code shall be provided for inspection only on a "stand–alone" computer (that is, not connected to a network, Internet or peripheral device save a printer) at a secure, locked facility at a location as designated in Paragraph 7(a) above. The producing party may require presentation of photo identification by representatives of the receiving party prior to inspection and the producing party may maintain a sign-in sheet that must be signed upon entry and departure of the room containing the standalone computer. Use of any electronic device (e.g., smartphone, camera, laptop, USB memory stick, CDs, floppy disk, portable hard drive, etc.) with the exception of a non-camera enabled non-smartphone is prohibited while accessing the computer containing the Source Code Material. A non-camera enabled non-smartphone is allowed solely for the purpose of conducting trouble shooting or consultation with outside counsel authorized to access to the Source Code. Authorized Individuals may also use searching tools (as agreed upon by the parties and provided by the producing party) to inspect the Source Code. Additionally, the stand-alone computer shall be enabled with software adequate for note taking by the Authorized Individuals. Authorized Individuals shall have the capability of printing their notes in a secure manner consistent with work product protection of the Federal Rules of Evidence. Notes may contain limited portions of the Source Code, but only to the extent necessary to identify the section of the Source Code relevant to the notes taken.

d. Copies of the Source Code and other materials produced shall only be made for the purposes of this litigation. The receiving party may print from the stand-alone computer limited portions of the Source Code only to the extent those portions are reasonably necessary to facilitate the receiving party's preparation of court filings, taking deposition, preparing expert reports, infringement contentions, and related drafts and correspondences, and shall request only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. Alternatively, the receiving party may request from the producing party paper copies of limited portions of the Source Code subject to the same limitations as printing from the

stand-alone computer. The producing party shall Bates number any Source Code printouts as "HIGHLY CONFIDENTIAL – SOURCE CODE." The receiving party shall not request or print copies of the Source Code in order to review blocks of Source Code in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the standalone computer, as the purpose of the protections herein would be frustrated. In no event may the receiving party request or print any more than 30 consecutive pages or 250 total pages of Source Code printouts. The Parties agree to negotiate exceptions to this page limitation in good faith where it is reasonably necessary to exceed this page limitation. All copies of the Source Code shall be securely destroyed upon completion of the litigation.

e. Where Source Code is provided in hard copy form, such hard copies shall be kept in a secure, locked container and in a manner to prevent unauthorized access and duplication. Source Code produced in hard copy form may be transported only in a locked, secure container hand carried by outside counsel for the recipient. If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

f. The producing party shall install tools that are sufficient for viewing and searching the source code and taking notes on the platform produced, if such tools exist and are generally commercially available. The receiving party may request that commercially available software tools for viewing and searching Source Code and taking notes be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for

the receiving party to perform its review of the Source Code consistent with all of the protections herein and do not permit compiling or storing the Source Code. The receiving party shall bear the cost and responsibility for obtaining a properly licensed copy of any commercially available software tool it requests to have installed on the secured computer.

g. The receiving party shall maintain a log of all individuals that have inspected any portion of the Source Code, including the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

h. Except as provided in this sub–paragraph, the receiving party may not create electronic images or electronic copies of the Source Code from any paper copy of Source Code for use in any manner. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party may make an electronic image or copy of the Source Code for the purpose of that filing only, provided the Party takes all necessary steps to ensure the confidentiality of the Source Code is maintained, including without limitation filing any and all such copies of the materials with an application to file under seal. Any such electronic image or copy of the Source Code must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order. The Parties may maintain one electronic copy of the entire Court filing, including any electronic image or copy of the Source Code made part of that filing, but shall promptly destroy any other electronic images or copies of the Source Code once the filing has been made.

i. Under no condition may any Authorized Individual disclose, in whole or in part, copies of, or the substance of, the Source Code of the producing party to an unauthorized person including any officers, directors, in–house counsel, employees, or prosecution or non–litigation consultants of the recipient.

j. No Source Code or documents describing Source Code shall be filed with the Court except under seal and referencing this Order.

k. Nothing in this Order shall obligate the Parties to produce any particular portion of the Source Code, and this Order is not an act or admission that any particular portion of a producing party's Source Code is discoverable.

l. Employees of counsel for the producing party shall be entitled to verify that persons accessing Source Code are duly authorized outside attorneys or outside experts under this Protective Order.

m. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

n. The parties may arrange, by mutual agreement, for the production and inspection of Source Code under terms that are less restrictive than those contained in this Order without further order of the Court. The producing party shall have the right to waive any of the protections afforded hereunder, and the receiving party does not waive any right to seek leave, for good cause shown, to modify the protections afforded hereunder based upon the facts and circumstances of any particular requested production.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7 first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in

sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must first disclose to the Designating Party the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel

1    or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail,

2    and suggest any additional means that could be used to reduce that risk. In addition, any such

3    motion must be accompanied by a competent declaration describing the parties' efforts to resolve

4    the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

5    setting forth the reasons advanced by the Designating Party for its refusal to approve the

6    disclosure.

7        In any such proceeding, the Party opposing disclosure to Designated House Counsel or

8    the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

9    (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

10   Material to its Designated House Counsel or Expert.

11   8.    <u>PROSECUTION BAR.</u>

12       Absent written consent from the Producing Party, any individual who receives access to

13   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

14   "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the

15   prosecution of patents or patent applications relating to U.S. Patent No. 8,835,736 ("the '736

16   patent"), Parent Number 11/865,681, or Provisional Application 60/902,066, including without

17   limitation the patents asserted in this action and any patent or application claiming priority to or

18   otherwise related to the patents asserted in this action, before any foreign or domestic agency,

19   including the United States Patent and Trademark Office ("the Patent Office"). For purposes of

20   this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

21   otherwise affecting the scope or maintenance of patent claims.[1]   To avoid any doubt,

22   "prosecution" as used in this paragraph does not include representing a party challenging a patent

23   before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

24   reexamination or *inter partes* review). This Prosecution Bar shall begin when access to

25   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

26   _____

27   [1] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

1    "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected

2    individual and shall end two (2) years after the final termination of this action.

3    9.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

4    LITIGATION

5              If a Party is served with a subpoena or a court order issued in other litigation that

6    compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

8    – SOURCE CODE" that Party must:

9              (a) promptly notify in writing the Designating Party. Such notification shall

10   include a copy of the subpoena or court order;

11             (b) promptly notify in writing the party who caused the subpoena or order to issue

12   in the other litigation that some or all of the material covered by the subpoena or order is subject

13   to this Protective Order. Such notification shall include a copy of this Stipulated Protective

14   Order; and

15             (c) cooperate with respect to all reasonable procedures sought to be pursued by

16   the Designating Party whose Protected Material may be affected.

17             If the Designating Party timely seeks a protective order, the Party served with the

18   subpoena or court order shall not produce any information designated in this action as

19   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

20   "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

21   which the subpoena or order issued, unless the Party has obtained the Designating Party's

22   permission. The Designating Party shall bear the burden and expense of seeking protection in

23   that court of its confidential material – and nothing in these provisions should be construed as

24   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

25   another court.

26

27

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

          (a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

          (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

          1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

          2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

          3.    make the information requested available for inspection by the Non-Party.

          (c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

DATED:   6/15/2015                        /s/ Michelle Marriott
                                          Attorneys for Plaintiff Ubisoft Entertainment, S.A.

4

5

DATED:   6/15/2015                        /s/ Ryan Levy
                                          Attorneys for Defendant Guitar Apprentice, Inc.

6

PURSUANT TO STIPULATION, IT IS SO ORDERED.

7

8

DATED:   June 17, 2015
                                          Hon. Jon Tigar
9                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1
2
3

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

4   UBISOFT ENTERTAINMENT, S.A.,                     )     CASE NO.: 3:14-cv-05202-JST
                                                     )
5                    Plaintiff,                       )
                                                     )
6            v.                                       )
                                                     )
7   GUITAR APPRENTICE, INC.,                          )
                                                     )     JUDGE:  Honorable Jon S. Tigar
8                    Defendant.                       )
9                                                    )

10                                      EXHIBIT A
                          ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

11          I, _____ [print or type full name], of

12   _____ [print or type full address], declare under penalty of perjury that I have

13   read in its entirety and understand the Stipulated Protective Order that was issued by the United

14   States District Court for the Northern District of California on in the above-referenced case. I

15   agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

16   understand and acknowledge that failure to so comply could expose me to sanctions and

17   punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

18   any information or item that is subject to this Stipulated Protective Order to any person or entity

19   except in strict compliance with the provisions of this Order.

20          I further agree to submit to the jurisdiction of the United States District Court for

21   the Northern District of California for the purpose of enforcing the terms of this Stipulated

22   Protective Order, even if such enforcement proceedings occur after termination of this action.

23

24   Date: _____

25   City and State where sworn and signed: _____

26

27

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]